IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEMP-TATIONS, LLC,**<br>             **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **VALUEVISION MEDIA, INC.,** doing business as **"SHOPHQ,"**<br>             **Defendant.** | **NO.  13-6822** |

## SCHEDULING ORDER

**AND NOW**, this 20th day of December, 2013, upon consideration of Plaintiff's Motion for Preliminary Injunction (Document No. 6, filed December 3, 2013), and plaintiff's Motion for Expedited Discovery (Document No. 7, filed December 3, 2013), following telephone conversations with the parties, through counsel, on December 9, 2013, December 13, 2013, and December 19, 2013, the parties having agreed on a schedule under which the hearing on Plaintiff's Motion for Preliminary Injunction will be consolidated with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), **IT IS ORDERED** that the case shall proceed on the following schedule:

1.     Initial Disclosure under Federal Rule of Civil Procedure 26(a)(1) shall be completed by January 8, 2014.

All remaining fact-discovery shall proceed forthwith and continue in such a manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by April 16, 2014;

2.     On or before April 30, 2014, each party which bears the burden of proof shall serve curriculum vitae and reports and/or responses to expert witness discovery for all expert witness on liability and damages issues.

On or before May 9, 2014, rebuttal expert reports covering all liability and damages issues shall be served;

3. Any discovery depositions of expert witnesses may be taken between May 16, and May 30, 2014;

4. The parties agreed to waive summary judgment practice in view of the expedited schedule;

5. The hearing on Plaintiff's Motion for Preliminary Injunction, treated as a motion for final injunction, and the trial on the merits are **SPECIALLY LISTED** to begin on Monday, July 7, 2014, at 10:00 A.M., in Courtroom 12-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.  The following attorneys are attached for trial:

> Dennis McCooe, Esquire
> Laurence Shtasel, Esquire
> Attorneys for Plaintiff; and,
>
> Nicole D. Galli, Esquire
> Attorney for Defendant.

The estimated trial time is five (5) to six (6) days.

6. All trial exhibits shall be marked and exchanged on or before May 30, 2014;

7. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

> a. Plaintiff – on or before June 6, 2014.
>
> b. Defendant – on or before June 13, 2014.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

8. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; or, (b) the admissibility for any reason (except relevancy) of any evidence expected

to be offered, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection;

      9.     If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

      10.    Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

      11.    The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) on or before June 13, 2014. The original shall be filed with the Clerk of the Court;

      12.    With respect to all the issues to be tried to a jury, on or before June 13, 2014, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with pinpoint citations of authority for each point

(ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine (excepting Daubert motions); and, (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, or Sand, Modern Federal Jury Instructions, or Pennsylvania Suggested Standard Civil Jury Instructions, is submitted, the parties shall sta te whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets;

13. With respect to all the issues to be tried to a jury, on or before June 13, 2014, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's causes of action <u>and the essential elements of each cause of action</u>; and, (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>. The statement of the case shall not exceed two (2) pages in length;

14. With respect to all the issues to be tried non-jury, on or before June 13, 2014, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed findings of fact and conclusions of law, (b) motions in limine (excepting Daubert motions), and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court; and

15. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**IT IS FURTHER ORDERED** that that, on or before March 31, 2014, counsel shall jointly report to the Court (letter to Chambers, Room 12613) with respect to whether the case is settled. In the event the case is not settled on or before March 31, 2014, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge or mediation under Local Civil Rule 53.3 and the Mediation Protocol Under Local Civil Rule 53.3 might be of assistance in resolving the case and, if so, on what form of alternate dispute resolution they agree and by what date they will be prepared to begin such proceedings.

                **BY THE COURT:**

                **/s/ Hon. Jan E. DuBois**

                  **DuBOIS, JAN E., J.**